[Civ. No. 3711.   Fourth Dist.   Apr. 16, 1948.]

CENTRAL BUSINESS BUREAU, Appellant, v. DEER CREEK TUNGSTEN MINE et al., Defendants; MABEL MacFERRAN ROCKWELL, Respondent.

Sherrill Halbert for Appellant.

George I. Devor for Respondent.

MARKS, J.—This is an appeal from an order refusing to vacate a prior order or judgment of the superior court.

John E. Wright is an individual who was doing business under the name of Central Business Bureau. At all material times Evelyn G. Hall was manager of Central Business Bureau.

Central Business Bureau was a judgment creditor of Deer Creek Tungsten Mines, Blake Wilson, David Bushnell and William Morris. There was an unpaid balance of $310.67 on this judgment.

On September 16, 1946, execution on this judgment was issued and placed in the hands of the sheriff of Los Angeles County with instructions to levy on the community interest of David Bushnell in a certain 1941 Mercury sedan. The levy was made on October 1, 1946. About October 8, 1946, Mabel MacFerran Rockwell served her third party claim to the automobile and plaintiff gave an undertaking to the sheriff to hold the property.

About October 18, 1946, Mabel MacFerran Rockwell filed her petition for a hearing on her third party claim praying that she be decreed the owner of and entitled to the possession of the automobile. This petition was regularly set for hearing on the 4th day of November, 1946, and due notice of the hearing was served by mail on October 19, 1946.

According to the order and the notices given a hearing was had on November 4, 1946, on the petition of Mabel MacFerran Rockwell to determine the third party claim to the automobile,

and no one appearing to contest her claim it was adjudged that she was the owner and entitled to the possession of the automobile. It does not appear that notice of this judgment was served on plaintiff, it having made no appearance at the hearing.

Under date of April 22, 1947, plaintiff gave notice that on the 28th day of April, 1947, it would move to vacate the order of November 4th, 1946, on the ground "that said default judgment was taken against plaintiff through plaintiff's mistake, inadvertence, surprise and excusable neglect." This motion was denied by a formal order dated April 30th, 1947, filed May 3d, 1947, and this appeal followed.

The notice of motion to vacate the judgment of November 4, 1946, is supported by an affidavit of merits by John E. Wright which is in the usual form, and affidavits by the attorney for plaintiff, and one by Evelyn G. Hall. The reasons for asking that the judgment of November 4, 1946, be set aside, appearing in the affidavit of the attorney, seem to be the filing of a petition in bankruptcy by David Bushnell and "that by reason of the fact that said third party claim is based upon a claim of ownership and right to possession, your affiant verily believes that said Mabel MacFerran Rockwell was not entitled to have said judgment entered as aforesaid, and affiant further verily believes that said judgment should not have been entered for the reason that the issues were at the time of the entry of said judgment moot." It is further stated in this affidavit that plaintiff was not served with notice of the judgment and learned of its rendition by accident. Apparently this was given as an explanation of the delay in filing the motion to vacate and not as an added reason why the judgment should be vacated.

■ The relief asked for must come under the provision of section 473 of the Code of Civil Procedure. It is admitted that under the facts before us the order refusing to vacate the judgment of November 4, 1946, cannot be reversed except on a showing of an abuse of discretion by the trial court. We can find no such abuse of discretion here, nor is there any sound reason shown for vacating the judgment because of the "mistake, inadvertence, surprise or excusable neglect" (Code Civ. Proc., § 473) of plaintiff or its attorney.

There was due service of the notice of the time and place of the hearing of the petition for hearing on the third party claim. Plaintiff does not deny such service.

Mrs. Hall stated in her affidavit "that on or about the 19th day of October, 1946, the defendant, *the defendant*, David Bushnell, also known as David Sherman Bushnell, filed a voluntary petition in bankruptcy; that notice of the filing of said petition in bankruptcy came to the attention of plaintiff on or about October 24th, 1946; that upon being advised of the filing of the petition in bankruptcy by the defendant, David Bushnell, also known as David Sherman Bushnell, your affiant communicated with the attorney for plaintiff and asked him for advice concerning the then existing status of this matter; that after making a study of the matter, plaintiff's attorney advised affiant to instruct the Sheriff of Los Angeles County, California, to release said Mercury Sedan automobile and let the Trustee in Bankruptcy take over any interest that the defendant David Bushnell, also known as David Sherman Bushnell, might have in said Mercury Sedan automobile." She further stated that on November 1, 1946, a letter was written to the sheriff instructing him to release the automobile; that "on or about the 1st day of November, 1946, your affiant telephoned to the offices of Messrs. Bradley and Bradley, the attorneys for Mabel MacFerran Rockwell, and advised said attorneys of plaintiff's intention to release said Mercury Sedan automobile from the levy of said execution." The return of the sheriff shows that he released the automobile from the levy on November 6, 1946.

It thus appears that the failure to appear at the hearing was deliberate and considered on the part of the attorney for plaintiff. There is nothing in the record to indicate that Bushnell was ever adjudged a bankrupt or that a trustee in bankruptcy had been or ever was appointed. Further the trustee, if one was appointed, is not here complaining of the judgment. Plaintiff subsequently and deliberately released the automobile from the levy of the execution so it is difficult to understand how it can now be considered as prejudiced by the judgment of November 4th.

█ Nor is there any merit in the contention that the issues decided by the trial court were moot on November 4th. The automobile was then held by the sheriff of Los Angeles County and was not released by him until two days later. The argument that the issues were moot would be more appropriate at this time after the plaintiff had released the automobile from the lien of the levy.

What was said in *Binford* v. *Boyd*, 178 Cal. 458 [174 P. 56], seems appropriate here.

"The failure of the defendant, Lucile Boyd, to be personally present was due to her neglect, it is true, but the neglect was not excusable. The main point in support of this claim is that some two months before the trial the plaintiff's attorney stated to the defendants' attorney that he intended to amend his complaint, and that for some unexplained reason the defendants' attorney, because of this statement, did not expect the trial to take place at the time set and did not prepare therefor. The excuse is wholly insufficient to justify any neglect to prepare for the trial."

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied May 6, 1948, and appellant's petition for a hearing by the Supreme Court was denied June 10, 1948.